J-S21014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                    :  PENNSYLVANIA
                                                    :

                v.                                :
                                                    :

ANTHONY SABATELL                   :
                                                  :

            Appellant            :   No. 1323 MDA 2021

Appeal from the Judgment of Sentence Entered September 13, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001187-2020

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                    :  PENNSYLVANIA
                                                    :

                v.                                :
                                                    :

ANTHONY PAUL SABATELL       :
                                                  :

            Appellant            :   No. 1324 MDA 2021

Appeal from the Judgment of Sentence Entered September 13, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001964-2020

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:            **FILED: AUGUST 4, 2022**

      Appellant, Anthony Paul Sabatell, appeals from the September 13, 2021

Judgments of Sentence entered in the Lackawanna County Court of Common

Pleas following his guilty plea to one count each of DUI – Second Offense and

---

[*] Retired Senior Judge assigned to the Superior Court.

Default in Required Appearance.[1] Appellant's counsel, Donna M. DeVita, Esquire, has filed a Petition to Withdraw as Counsel and an *Anders*[2] Brief, in which she has raised a challenge to the discretionary aspects of Appellant's sentences. After careful review, we conclude that Appellant waived his challenge to the discretionary aspects of his sentences by failing to timely file a post-sentence motion preserving the issue. As a result, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

The relevant facts and procedural history are as follows. On July 15, 2020, police stopped Appellant who was driving a vehicle with an inoperable taillight. When Appellant exited his vehicle, he exhibited signs that he had been operating his vehicle under the influence of a stimulant. Police searched Appellant's vehicle and discovered one glass pipe, multiple torches, and one marijuana grinder containing a small amount of marijuana. The Commonwealth charged Appellant at Docket Number 20 CR 1187 with one count of DUI, two counts of Possession of Drug Paraphernalia, and one summary traffic offense. The court released Appellant on bail pending his trial.

Approximately three months later, after Appellant failed to report to the probation department as required, the Commonwealth charged Appellant at

---

[1] 75 Pa.C.S. § 3802(a)(1) and 18 Pa.C.S. § 5124, respectively.

[2] *Anders v. California*, 386 U.S. 738 (1967).

Docket Number 20 CR 1964 with one count each of Escape and Default in Required Appearance.

On July 7, 2021, Appellant, represented by Jeffrey Poplawsky, Esquire, entered an open guilty plea to DUI – Second Offense and Default in Required Appearance. Prior to entering his plea, Appellant executed a written plea colloquy form for both of his charges and the court conducted an oral colloquy to confirm that Appellant's plea was knowing, intelligent, and voluntary. The court accepted Appellant's plea and deferred sentencing pending preparation of a pre-sentence investigation report.

On September 13, 2021, the court imposed a standard-range sentence of time-served to six months' incarceration for Appellant's DUI conviction and an aggravated range consecutive sentence of time-served to two years for Appellant's Default in Required Appearance convictions. Appellant did not file any post-sentence motions.

These timely appeals followed.[3, 4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On April 25, 2022, counsel filed a Motion to Withdraw and an ***Anders*** Brief. Appellant did not respond.

---

[3] Current counsel, Attorney DeVita, filed the Notice of Appeal on Appellant's behalf. It is not clear from the record when or why plea counsel, Attorney Poplawsky, was permitted to withdraw.

[4] On November 9, 2021, this Court consolidated Appellant's appeals *sua sponte.*

In the **Anders** Brief, counsel indicated that Appellant wished to challenge the discretionary aspects of his sentence. In particular, counsel indicated that Appellant believed that the trial court abused its discretion in failing to state on the record the reasons for Appellant's sentence, that the sentence was harsh, excessive, and an abuse of discretion, and that the court erred in imposing Appellant's sentences to run consecutively. **Anders** Brief at 4.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the *Anders* Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the *Anders* Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

In the *Anders* Brief, counsel reiterates Appellant's challenge to the discretionary aspects of his sentence. An appellant raising such a challenge is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-19 (Pa. 1987); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at

sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

Appellant did not challenge the sentencing court's exercise of discretion at sentencing or in a timely post-sentence motion. As a result, Appellant waived his challenge to the discretionary aspects of his sentences. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (noting that issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the court during sentencing proceedings; absent these efforts the issue is waived).

After conducting our independent review as required pursuant to *Yorgey*, 188 A.3d at 1197, we discern no non-waived, non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/04/2022